28434-JPB/BMM

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| SUSAN PEDROZA and CECILIO PEDROZA ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Cause No. 20-cv-156 |
| ) | |
| WAL-MART STORES EAST, LP ) | |
| ) | |
| Defendant. ) | |

## NOTICE OF REMOVAL

The Defendant, WAL-MART STORES EAST, LP (hereinafter "Wal-Mart"), by and through its attorneys, James P. Balog and Brian M. Martinez of O'Hagan Meyer, LLC, and pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, removes this action to the United States District Court for the Northern District of Indiana, Hammond Division, and in support thereof, states as follows:

1. The movant's Notice of Removal is based upon subject matter jurisdiction conferred by diversity of citizenship, as established in 28 U.S.C. § 1332.

2. The named Plaintiffs are currently and were at the time of the subject accident citizens and residents of the State of Indiana. (*See* Plaintiffs' Complaint at Law attached as Exhibit A, ¶ 1).

3. Wal-Mart Stores East, LP is a foreign limited partnership which is, and was at the time of the above captioned case was filed in State Court, a "resident" of Arkansas and Delaware. Citizenship of a limited partnership for purposes of diversity jurisdiction is the citizenship of its partners, general and limited. *Guar. Nat. Title Co. v. J.E.G. Associates*, 101 F.3d 57 (7th Cir. 1996). WSE Management, LLC is the general partner and WSE Investment, LLC is the limited partner of Wal-Mart Stores East, LP. These are the only partners of Wal-Mart Stores East, LP.

4. WSE Management, LLC and WSE Investment, LLC were at the time of filing the Complaint, and still are, Delaware limited liability companies. Citizenship of a limited liability

company (LLC) for purposes of diversity jurisdiction is the citizenship of its members. *Cosgrove v. Bartolotta*, 150 F.3d 729 (7th Cir. 1998). The sole member of WSE Management, LLC and WSE Investment, LLC is, and was at the time of filing the Complaint, Wal-Mart Stores East, LLC, an Arkansas Limited Liability Company. The sole member of Wal-Mart Stores East, LLC is, and was at the time of filing the Complaint, Walmart, Inc.

5. Walmart Inc., is, and was at the time of filing the Complaint, an incorporated entity under the laws of the State of Delaware. The principal place of business for all of the above mentioned entities (Wal-Mart Stores East, LP; WSE Management, LLC; WSE Investment, LLC; Wal-Mart Stores East, LLC; and Walmart Inc.) is, and was at the time of filing the Complaint, Bentonville, Arkansas. (*See* Arkansas Secretary of State Business Information Search, attached as Exhibit B).

6. As Plaintiffs are Indiana citizens and the above Wal-Mart entities are incorporated in Delaware with their principal place of businesses in Arkansas, complete diversity exists pursuant to 28 U.S.C. § 1332, 1441 and 1446.

7. This matter arises out of an accident, which occurred on May 3, 2018 at the Wal-Mart located at 2936 E. 79th Avenue, Merrillville, Indiana. The Plaintiffs, SUSAN PEDROZA and CECILIO PEDROZA, filed a Complaint in the Lake County Superior Court, styled *Susan and Cecilio Pedroza v. Wal-Mart Stores East, LP*, bearing Lake County Superior Court, Indiana, Case No. 45D02-2003-CT-00031. (Exhibit A).

8. Wal-Mart first received Plaintiffs' Complaint when it was served with process on March 23, 2020. (*See* Service of Process Transmittal, attached hereto and incorporated herein as Exhibit C). In response to the Complaint, Wal-Mart filed its Appearance and Jury Demand on April 8, 2020. (*See* Wal-Mart's Appearance and Jury Demand attached hereto and incorporated herein as Exhibit D).

9.     Defense Counsel did not become aware that this case was removable until Friday, April 3, 2020, when Counsel received and reviewed the initial claim file which included documentation that indicated Plaintiffs are seeking to recover in excess of $75,000.00 for their injuries and damages. (*See* Exhibit E, Declaration of Defense Counsel, Brian M. Martinez).

10.    Where a case is not removable by review of the initial pleadings, Wal-Mart has a statutory right to file its Notice of Removal "thirty days after receipt…of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). As established in this Notice, Wal-Mart has properly filed its Notice of Removal within the applicable thirty-day time frame, as Defendant first became aware that Plaintiffs' claims exceeded $75,000.00 on April 3 2020, after receipt and review of documentation that indicated Plaintiffs are seeking in excess of $75,000.00 for their injuries and damages.

11.    With the first notice that the amount in controversy exceeded $75,000 occurring on or about April 3, 2020, this Notice was filed within thirty (30) days of "receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."   28 U.S.C. § 1446(b)(3).

12.    As required by 28 U.S.C. § 1446(d), the movant will promptly serve upon Plaintiffs' counsel, and file with the Lake Superior Court, a true and correct copy of this Notice.

13.    By removing this action, Defendant does not waive any defenses available to it.

14.    If any question arises as to the propriety of the removal of this action, the movant requests the opportunity to present a brief and oral argument in support of its position that this case is removable.

15.     This Notice is signed and in compliance with Rule 11 of the Federal Rules of Civil Procedure.

WHEREFORE, Defendant, WAL-MART STORES EAST, LP, prays that this Honorable Court retain jurisdiction of the matter pursuant to 28 U.S.C., §§ 1332, 1441, and 1446.

Dated: April 15, 2020

                                          Respectfully submitted,
                                          O'HAGAN MEYER LLC

By:     /s/ Brian M. Martinez
        One of the Attorneys for Defendant,
        Wal-Mart Stores East, LP

James P. Balog, Esq.
Brian M. Martinez, Esq.
O'Hagan Meyer LLC
One East Wacker Drive, Suite 3400
Chicago, IL 60601
Tel: 312-422-6100 / Fax: 312-422-6110
jbalog@ohaganmeyer.com
bmartinez@ohaganmeyer.com

4